2005 ME 95

**Richard SANBORN et al.**

v.

**Mark SANBORN**

Supreme Judicial Court of Maine.

On Briefs: July 14, 2005.
Decided: Aug. 5, 2005.

John P. McVeigh, Esq., Preti Flaherty Beliveau Pachios & Haley, LLC, Portland, for plaintiffs.

Frederick A. Veitch III, Esq., Zuckerman & Devine, Gray, for defendant.

Panel: SAUFLEY, C.J., and DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Richard Sanborn and Abatement Solutions, Inc. (ASI), appeal from an order entered in the Superior Court (Cumberland County, *Warren, J.*) denying their motion for a preliminary injunction. We dismiss the appeal as interlocutory.

## I. CASE HISTORY

[¶ 2] Richard and Mark Sanborn are brothers, and were shareholders and officers in ASI, a lead and asbestos abatement company. Mark left the company and allegedly took some business and employees with him. Richard and ASI brought this action against Mark, alleging, among other things, breach of fiduciary duties. They sought a preliminary injunction. At the

conclusion of the hearing on the preliminary injunction, the court denied the motion for a preliminary injunction on the ground that Richard and ASI were not likely to succeed on the merits. The court determined that after Mark resigned, he no longer owed a fiduciary duty to the corporation, there was no express non-competition obligation, and no such obligation would be implied. The motion court also indicated that an adequate remedy at law might be available to Richard and ASI.

[¶ 3] After stating its ruling on the preliminary injunction motion, the court, recognizing the need for an expedited resolution of the dispute, urged the parties to attempt to mediate or settle the case promptly. Richard and ASI filed this appeal.

## II. THE FINAL JUDGMENT RULE

▅ [¶ 4] A court order that adjudicates less than all the claims or the rights and liabilities of less than all the parties does not terminate the action as to any of the claims or parties. M.R. Civ. P. 54(b)(1). Such an order is not a final judgment. *See Dep't of Human Servs. v. Lowatchie,* 569 A.2d 197, 199 (Me.1990). Accordingly, an order granting or denying a motion for a preliminary injunction is not a final judgment and generally is not an action from which we will entertain an appeal. *Myerowitz v. Howard,* 507 A.2d 578, 579–81 (Me.1986); *see also Moffett v. City of Portland,* 400 A.2d 340, 343 n. 8 (Me.1979) (explaining an exception to the general rule).

▅ [¶ 5] Although neither of the parties raises the finality issue, our jurisprudence requires us to address the issue to assure that judicial resources are not wasted in consideration of appeals of preliminary orders that do not finally resolve a pending action. *See Kwasnik v. Walsh,* 2004 ME 91, 854 A.2d 222; *Morse Bros.,*

*Inc. v. Webster,* 2001 ME 70, ¶ 13, 772 A.2d 842, 847.

▅ [¶ 6] There are a number of judicially created exceptions to the final judgment rule that, in special circumstances, permit appeal of interlocutory orders. *See Moffett,* 400 A.2d at 343 n. 8; *Maine Appellate Practice* § 304(a), (b), (c), (d), and (e) at 163–67 (2004). A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating to us that one of those exceptions to the final judgment rule justifies our reaching the merits of the appeal. Because the parties did not address the finality issue, they have not urged any exception to the final judgment rule to justify our reaching the merits of this appeal.

▅ [¶ 7] Review of the record, independent of the parties' arguments, does not make it apparent that there is any applicable exception to the final judgment rule to support this appeal. Here, the trial court, in its bench ruling, indicated that Richard Sanborn and ASI had failed to demonstrate a reasonable likelihood of success on the merits on the legal questions presented. The court also determined that it appeared that, should the plaintiffs ultimately prevail, they could have an adequate remedy at law to address any injuries. With such findings, a party seeking to appeal from the denial of a motion for a preliminary injunction would have to make a particularly strong showing of the applicability of one of the exceptions to the final judgment rule to justify our reaching the merits of the appeal. In most instances, the interest of the parties in securing a speedy resolution of the dispute will be best served by proceeding towards resolution on the merits, as the motion court urged here, rather than incurring the costs and delay that are necessarily inherent in any appeal of a denial of a motion for a preliminary injunction.

[¶ 8] Because the interlocutory order denying the motion for a preliminary injunction is not a final judgment, the appeal brought from that interlocutory order must be dismissed.

The entry is:

Appeal dismissed.