2008 ME 114

**Timothy O'CONNOR, Personal Representative of the Estate of Tracy O'Connor**

v.

**COUNSELING SERVICES, INC., et al.**

Supreme Judicial Court of Maine.

Argued: June 16, 2008.
Decided: July 10, 2008.

John P. Flynn, III, Esq. (orally) Troubh Heisler, Portland, ME, for Timothy O'Connor.

Mark G. Lavoie, Esq., Christopher C. Taintor, Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, ME, for Theresa Dube, LCPC and Counseling Services, Inc.

Wendell G. Large, Esq., Carol I. Eisenberg, Esq. (orally), Richardson, Whitman, Large & Badger, Portland, ME, for Brendan Kirby, M.D.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶1] Timothy O'Connor, the personal representative of the Estate of his late wife, Tracy O'Connor, appeals a partial summary judgment entered on his claims of professional negligence and wrongful death in the Superior Court (York County, *Fritzsche, J.*) in favor of Brendan Kirby, M.D., Theresa Dube, LCPC, and Counseling Services, Inc. (CSI). O'Connor argues that: the Superior Court erred in applying the Maine Tort Claims Act; Maine recognizes a duty to warn third parties of a foreseeable risk of severe injury or death; and the practitioners owed a duty to warn O'Connor of his wife's risk of suicide. We decline to reach any of O'Connor's arguments and dismiss the appeal as interlocutory.[1]

[¶2] The Superior Court entered summary judgment for Kirby, Dube, and CSI on O'Connor's claims alleging negligence for failure to involuntarily hospitalize Tracy and failure to warn O'Connor of Tracy's risk of suicide and her threat of harm to their daughter. The Superior Court denied motions by Kirby, Dube, and CSI for summary judgment on O'Connor's claims related to negligent diagnosis and treat-ment. O'Connor declined to abandon these remaining claims at oral argument before this Court.

[¶3] We have stated that an order that does not adjudicate all of the claims of all of the parties does not "terminate the action as to any of the claims or parties," is not a final judgment, and is generally not appealable. *Sanborn v. Sanborn*, 2005 ME 95, ¶4, 877 A.2d 1075, 1076. We have also recognized that a partial summary judgment is not a judgment on the whole case and that an appeal taken from entry of a partial summary judgment is generally interlocutory and nonappealable. *Williams v. Bromley*, 622 A.2d 1171, 1172 (Me.1993). "There are a number of judicially created exceptions to the final judgment rule that, in special circumstances, permit appeal of interlocutory orders." *Sanborn*, 2005 ME 95, ¶6, 877 A.2d at 1076; *see In re Estate of Kingsbury*, 2008 ME 79, ¶4, 946 A.2d 389, 392. However, the parties have not demonstrated that any of the exceptions to the final judgment rule apply in this case. We therefore conclude that this appeal is interlocutory and dismiss it.

The entry is:

Appeal dismissed.

---

1. No complaint has yet been filed. By agreement of the parties and with permission from the panel chair, the Superior Court considered the motions for summary judgment be-fore review of the claims by the prelitigation screening and mediation panel. *See* 24 M.R.S. § 2853(5) (2007).