2009 ME 21

**ESTATE OF Clarence DORE**

v.

**Elizabeth DORE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2009.
Decided: March 10, 2009.

Matthew W. Howell, Esq., York Law, LLC, York, ME, for Elizabeth Dore.

Daniel I. Billings, Esq., Marden, Dubord, Bernier & Stevens, Waterville, ME, for the Estate of Clarence Dore.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1]   Prior to his death, Clarence Dore sued his granddaughter Elizabeth Dore and Countrywide Home Loans, Inc., alleging fraud and an improvident transfer in connection with Elizabeth's transfer, pursuant to a power of attorney, of the title to Clarence's home in Sidney to herself. Elizabeth appeals from an order denying her motion to strike a default judgment

entered in the Superior Court (Kennebec County, *Mills, J.*). We do not reach the merits of her claims because we dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶ 2]  In 2003, Clarence executed a durable power of attorney appointing Elizabeth as his attorney-in-fact. Clarence was a resident of Sidney, and Elizabeth resided in Islamorada, Florida. The power of attorney was drafted by a Florida attorney, and was executed by Clarence in Florida. Prior to Clarence's execution of the power of attorney, the attorney discussed the legal significance of the document with Clarence and concluded that Clarence was lucid and understood the consequences of signing the document. The power of attorney authorized Elizabeth to make gifts of Clarence's property. Elizabeth recorded the power of attorney in the Kennebec County Registry of Deeds on June 1, 2006.

[¶ 3]  In November 2006, acting under the power of attorney, Elizabeth executed a quitclaim deed and conveyed Clarence's home in Sidney to herself. A few weeks later, she mortgaged the property to Countrywide Home Loans, Inc. (Countrywide) to secure a loan of $132,000.

[¶ 4]  Clarence first became aware of the transfer of title in January 2007, and he unsuccessfully attempted to contact Elizabeth by telephone. Elizabeth works on charter yachts. While at sea, she has limited contact with family and friends, and does not have access to mail or telephone.

[¶ 5]  In February 2007, Clarence filed a two-count complaint against Elizabeth and Countrywide, alleging breach of a fiduciary duty and an improvident transfer of title in violation of 33 M.R.S. §§ 1021–1025 (2008). Clarence attempted to serve Elizabeth at her listed address, but discovered that it was a private postal facility. A copy of the complaint and summons were left in her private postal box. In April 2007, Clarence again attempted to serve Elizabeth through an agency licensed to make service in Florida. In July 2007, the agency reported that it had failed to serve her because it was unable to find a physical address for Elizabeth, and could not find any phone listings, electric accounts, or property records belonging to her. The agency also left a copy of the complaint and summons in Elizabeth's private postal box. During this time, Clarence continued to attempt to contact Elizabeth through relatives, but was unable to contact her through the numbers and contacts they provided.

[¶ 6]  The court granted Clarence's motion to permit service by publication in July 2007, and notice of suit was published in the *Kennebec Journal.* In September 2007, Countrywide filed a cross-claim against Elizabeth, alleging that she had failed to make mortgage payments since February 1, 2007, and that it was demanding foreclosure.

[¶ 7]  In October 2007, the court granted Clarence's motion for entry of a default judgment against Elizabeth. On November 6, 2007, Clarence died.[1] Shortly thereafter, Elizabeth discovered, through a friend from Kennebec County, that Clarence had filed suit against her. In May 2008, Elizabeth filed a motion to set aside the default judgment pursuant to M.R. Civ. P. 55(c) and 60(b), arguing that she had not received adequate notice of the litigation, that she had not breached her fiduciary duties, and that granting her motion would not cause prejudice. Elizabeth claimed that she had been working on a boat in the Bahamas from approximately January 15 through February 28, 2007, and then again from March 4 through mid-

---

1. Following Clarence's death, his estate was substituted as the plaintiff in this matter.

April, 2007. Elizabeth denied receiving copies of the complaint and summons at her private postal box, and she denied receiving any other form of direct correspondence. The court denied the motion and similarly denied her motion for reconsideration.

[¶ 8] All three parties subsequently participated in mediation. The docket record reflects that the mediation fully resolved the action on August 5, 2008, but no judgment was entered. The estate claims that the docket entry is in error and that unresolved issues remain.

[¶ 9] Elizabeth appeals from the court's denial of her motion to strike the default judgment.

## II. DISCUSSION

[¶ 10] As an initial matter, the estate contends that because the default judgment entered against Elizabeth did not resolve the estate's claims against Countrywide, or Countrywide's claims against Elizabeth, it is not a final judgment and therefore Elizabeth's appeal is interlocutory.

[¶ 11] "It is well established that appeals, in order to be cognizable, must be from a final judgment." *Morse Bros., Inc. v. Webster,* 2001 ME 70, ¶ 13, 772 A.2d 842, 847 (quotation marks omitted). Accordingly, an interlocutory order that does not resolve all pending claims as to all of the parties in an action is not a final judgment for purposes of the rule. *See Sanborn v. Sanborn,* 2005 ME 95, ¶ 4, 877 A.2d 1075, 1076. When a court enters a party's default, it "is an interlocutory step that is taken under [M.R. Civ. P.] 55(a) in anticipation of a final judgment by default." *Michaud v. Mut. Fire,*

*Marine & Inland Ins. Co.,* 505 A.2d 786, 790 (Me.1986) (quotation marks omitted). By contrast, a default judgment "is a final disposition of the case implicating the rule favoring finality of judgments." *Id.* (quotation marks and citation omitted). In this case, however, the court's default judgment against Elizabeth did not completely dispose of the action because the estate's claims against Countrywide, and Countrywide's claims against Elizabeth, remain pending. Therefore, neither the default judgment in favor of the estate against Elizabeth, nor the court's subsequent denial of Elizabeth's motion to strike the default judgment, constitutes a final judgment subject to appeal.[2]

[¶ 12] We note that the docket entry reflecting that mediation between the estate and Countrywide was "resolved" is also not a final judgment. A necessary "step in the analysis of any final judgment is to look beyond the notation on the docket to the actual decree from the court." *Murphy v. Maddaus,* 2002 ME 24, ¶ 12, 789 A.2d 1281, 1284. A fundamental aspect of this analysis is "whether the court action fully decides and disposes of the whole cause leaving no further questions for future consideration and judgment." *Id.* ¶ 12, 789 A.2d at 1285 (quotation marks omitted). The report of the mediation conference indicated that the parties "agreed in principle to a settlement that will need probate court approval," and that counsel would "submit [a] motion to stay pending probate court action." Therefore, the mediation did not foreclose the possibility of further questions presented for future resolution. In any event, the medi-

---

2. Although M.R. Civ. P. 54(b) allows the court to "direct the entry of a final judgment as to one or more ... parties," Rule 54(b) is generally "not applied in cases in which one of several defendants defaults." 10 James Wm.

Moore et al., *Moore's Federal Practice* § 55.36[1] (3d ed. 2008) (noting that default judgment against one of several defendants may be appropriate "when the claims against the ... defendants are not factually related").

ation report and the related order do not constitute a final judgment.

[¶ 13] Elizabeth argues that notwithstanding the absence of a final judgment, her appeal falls within the "judicial economy" and "extraordinary circumstances" exceptions to the final judgment rule. We disagree.

[¶ 14] An interlocutory appeal falls within the judicial economy exception to the final judgment rule if review would "effectively dispose of the entire case" and "the interests of justice require that an immediate review be undertaken." *Bruesewitz v. Grant*, 2007 ME 13, ¶ 6, 912 A.2d 1255, 1257 (quotation marks omitted). Elizabeth asserts that our decision on this issue would provide a final disposition of this litigation if we ruled against her, and if we ruled in the alternative, would simply allow her to enter the litigation.

[¶ 15] For the very reason Elizabeth cites, the judicial economy exception is inapplicable because appellate review will not necessarily dispose of the entire case. As Elizabeth acknowledges, a decision in her favor will permit her to enter the action and will necessitate further litigation. Conversely, a decision in favor of the estate would not provide a final disposition since it would still require mediation and litigation of the unresolved claims asserted against Elizabeth by Countrywide.

[¶ 16] Elizabeth also claims that her case presents extraordinary circumstances because she resides in a foreign jurisdiction and the property that is the subject of the litigation is presently being foreclosed upon. However, the circumstances of Elizabeth's appeal are not so unique "as would impel [the Court] to craft an *ad hoc* exception" specially for her appeal under the extraordinary circumstances exception to the final judgment rule. *Myerowitz v. Howard*, 507 A.2d 578, 581 (Me.1986); *see also IHT Corp. v. Par-*

*agon Cutlery Co., Inc.*, 2002 ME 68, ¶ 7, 794 A.2d 651, 653 (foreign corporation contracting for services in Maine from a corporation with a place of business in Maine did not present extraordinary circumstances simply because it was required to defend the suit in Maine). Here, even though the court's default judgment voided Elizabeth's interest in the disputed property and Countrywide has instituted foreclosure proceedings, Elizabeth may appeal the default judgment against her and, if successful, defend against the foreclosure on remand. *See* 14 M.R.S. § 6322 (2008). None of the other exceptions being applicable, there has been no final judgment in this case and the appeal is interlocutory.

The entry is:

Appeal dismissed.