MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:       2014 ME 144
Docket:         Cum-14-211
Submitted
 On Briefs:     December 1, 2014
Decided:        December 18, 2014

Panel:          SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

WARREN CONSTRUCTION GROUP, LLC

v.

LESLIE REIS et al.

HJELM, J.

[¶1]  Leslie and Michael Reis appeal from a summary judgment entered by the Superior Court (Cumberland County, *Cole, J.*) in favor of Warren Construction Group, LLC, on its claims for breach of contract, violation of the Prompt Payment Act, 10 M.R.S. §§ 1111-20 (2013), and enforcement of a mechanic's lien.  Because the court did not address the claims for quantum meruit and unjust enrichment that Warren also asserted in its complaint, there is no final judgment, and we dismiss the appeal as interlocutory without reaching the merits.

I.  BACKGROUND

[¶2]  Warren entered into an agreement with Leslie and Michael Reis to make improvements to the Reises' house in Freeport.  Warren began the project in late September 2012, but by February 2013 had not received payment for any of

2

the work.  Warren then stopped working on the project and recorded a mechanic's lien against the Reises' property.  In May 2013, after still not receiving payment, Warren filed a five-count complaint in Superior Court (Cumberland County) alleging: (1) breach of contract; (2) quantum meruit; (3) unjust enrichment; and (4) violation of section 1113 of the Prompt Payment Act.  *See* 10 M.R.S. § 1113. In the fifth count of the complaint, Warren sought enforcement of the mechanic's lien pursuant to 10 M.R.S. § 3251 (2013).

[¶3]  In November 2013, Warren moved for summary judgment on its claims for breach of contract, violation of the Prompt Payment Act, and enforcement of the mechanic's lien.  The motion did not encompass Warren's claims for quantum meruit and unjust enrichment.  On April 4, 2014, the court entered summary judgment for Warren specifically on those three counts, awarding damages for breach of contract, as well as attorney fees and interest as provided in the Prompt Payment Act.  *See* 10 M.R.S. § 1118(4) (2013).  The summary judgment order made no mention of Warren's quantum meruit or unjust enrichment claims, and no further orders were entered regarding those claims. Following the denial of their motion to alter or amend the judgment pursuant to M.R. Civ. P. 59, the Reises appealed.

## II. DISCUSSION

[¶4] It is a "long-standing" rule that "a party may not appeal a decision until a final judgment has been rendered in the case." *Irving Oil Ltd. v. ACE INA Ins.*, 2014 ME 62, ¶ 8, 91 A.3d 594 (quotation marks omitted). In particular, "[a] court order that adjudicates less than all the claims . . . does not terminate the action as to any of the claims . . . ," *Sanborn v. Sanborn*, 2005 ME 95, ¶ 4, 877 A.2d 1075, and "an appeal taken from entry of a partial summary judgment is generally interlocutory and nonappealable." *O'Connor v. Counseling Servs., Inc.*, 2008 ME 114, ¶ 3, 951 A.2d 78; *see also Me. Health Alliance v. Med. Mut. Ins. Co. of Me.*, 2003 ME 144, ¶ 8, 837 A.2d 135 (dismissing an appeal from summary judgment that did not address all of the counts in a complaint). Although neither party has challenged the finality of the judgment, "we are obliged to raise the issue on our motion." *Durgin v. Robertson*, 428 A.2d 65, 67 (Me. 1981).

[¶5] In this case, the summary judgment order specifically concluded that Warren was entitled to judgment on its claims for breach of contract, violation of the Prompt Payment Act, and enforcement of the mechanic's lien, which were the counts on which Warren sought summary judgment, but the order did not address or refer to the remaining two counts in the complaint. Further, no action was taken on those two outstanding counts after the entry of summary judgment. Thus, two of Warren's claims are still pending, and there is no final judgment on any of

Warren's causes of action from which the Reises may take an appeal.[1]  *See Kinney v. Me. Mut. Grp. Ins. Co.*, 2005 ME 70, ¶ 13, 874 A.2d 880 ("If any count of a complaint . . . remains to be decided after the entry of a judgment from which an appeal is taken, the appeal is not taken from a final judgment.").  Because there is no final judgment, the Reises' appeal is interlocutory and must be dismissed.  *See Me. Health Alliance*, 2003 ME 144, ¶ 8, 837 A.2d 135.

The entry is:

> Appeal dismissed.

---

**On the briefs:**

David C. Pierson, Esq., Eaton Peabody, Portland, for appellant Leslie Reis and Michael Reis

A. Robert Ruesch, Esq., and Taylor R. Neff, Esq., Verrill Dana, LLP, Portland, for appellee Warren Construction Group, LLC

Cumberland County Superior Court docket number RE-2013-183
FOR CLERK REFERENCE ONLY

---

[1]  We have recognized several exceptions to the final judgment rule that allow for appeal of interlocutory orders under special circumstances.  *See Sanborn v. Sanborn*, 2005 ME 95, ¶ 6, 877 A.2d 1075.  "A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating to us that one of those exceptions to the final judgment rule justifies our reaching the merits of the appeal." *Id.*  Because none of the parties in this case raised the issue of finality, that burden has not been met, and we do not consider the application of any of the exceptions to the final judgment rule. *See O'Connor v. Counseling Servs., Inc.*, 2008 ME 114, ¶ 3, 951 A.2d 78.