MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 102
Docket:        Pen-15-86
Submitted
  On Briefs:   July 23, 2015
Decided:       August 4, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.


JOSIAH L. R. WILLEY

v.

EMILY D. WILLEY


PER CURIAM

[¶1]   Josiah L. R. Willey appeals from an order of the District Court (Newport, *Fowle, J.*) indicating, provisionally, that his divorce action filed in Maine would be dismissed upon the filing of a divorce action in Virginia. At the time, there was pending in the Virginia courts an action for child custody and child and spousal support, filed on October 23, 2014, by Emily D. Willey. Josiah's divorce action, which the court indicated would be dismissed, had been filed in Maine[1] on October 28, 2014.

---

[1]  The action was originally filed in the District Court in Bangor and later transferred to the District Court in Newport. After filing this action on October 28, 2014, Josiah Willey dismissed a child custody action he had filed on October 10, 2014, in Virginia.

2

[¶2]  In the order subject to this appeal, the District Court, ruling on Emily's motion to dismiss, ordered that proceedings in the Maine divorce action would be stayed for thirty days from the issuance of the order "to allow the parties to file a divorce action in [Virginia]."  The court further ordered that if the Virginia action was commenced within the thirty days, the court would "decline to exercise jurisdiction over the divorce matter, and it [would] be dismissed."[2] *See* 19-A M.R.S. § 1751(2), (3) (2014).  On Josiah's motion, the District Court stayed its contingent order of dismissal pending this appeal.

[¶3]  The District Court's order is not a final judgment because it merely stayed the proceedings and left to be determined whether the action would be dismissed because a party filed a divorce action in Virginia or whether the action would remain pending because (1) neither party filed in Virginia, or (2) the Virginia court declined jurisdiction.

[¶4]  Generally, we will not entertain an appeal until a final judgment is entered in a case.  *Bond v. Bond*, 2011 ME 105, ¶ 5, 30 A.3d 816.  "A judgment is final only if it disposes of all the pending claims in the action, leaving no questions for the future consideration of the court."  *Id*.  The only exception to the final judgment rule that might apply to this appeal is the judicial economy exception,

---

[2]  At one point in the order the court stated that it would dismiss the matter "[i]f Virginia accepts jurisdiction."  It further stated that its understanding was that Virginia would accept jurisdiction, based upon its conferencing with a Virginia judge.

which "is available in those rare cases in which appellate review of a non-final order can establish a final, or practically final, disposition of the entire litigation. It applies only when a decision on the appeal . . . regardless of what it is, would effectively dispose of the entire case." *Id.* ¶ 12.

[¶5] Because the District Court order itself is only provisional, any decision on appeal could not "effectively dispose of the entire case." *Id.* ¶ 12. Because this appeal is interlocutory, and not subject to any exception to the final judgment rule, it must be dismissed. *See Sanborn v. Sanborn*, 2005 ME 95, ¶¶ 4, 8, 877 A.2d 1075.

The entry is:

Appeal dismissed. Mandate to issue forthwith.

---

**On the briefs:**

Michael P. Harmon, Esq., Beaupain, Harman and Saucier, Millinocket, for appellant Josiah L. R. Willey

Wayne Doane, Esq., Exeter, for appellee Emily D. Willey