MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2023 ME 44
Docket:      Pen-22-306
Argued:      March 8, 2023
Decided:     August 3, 2023

Panel:       STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

ESTATE OF THEODORE C. ACKLEY

JABAR, J.

[¶1] Jean Voelker appeals from a judgment of the Penobscot County Probate Court (*Bearor, J.*), holding that the document proffered by Voelker as the last will and testament of Theodore C. Ackley (Decedent) was not a valid holographic will. Voelker contends that the court erred by granting Joseph A. Ackley's pretrial motion and not addressing all the issues raised in her counter-motion in which she alleged that the Decedent's will was lost and she should be allowed the opportunity to present evidence to prove the existence, contents, and validity of the Decedent's lost will, or, in the alternative, that the copy of the Decedent's will she submitted with her petition for formal probate was valid as a holographic will. Because the Probate Court did not address all the issues raised in Voelker's counter-motion, we dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶2]  The following facts stem from the Probate Court's findings and procedural record and are supported by competent record evidence.  *See Guardianship of Donovan C.*, 2019 ME 118, ¶ 2, 212 A.3d 851.  The Decedent passed away on April 3, 2021.  On April 20, 2021, Ackley, the Decedent's son, filed an application for informal probate of the last will and testament of the Decedent and included with the application a will dated April 15, 2016.  Letters of authority were issued on April 23, 2021, appointing Ackley as personal representative of the Decedent's estate.

[¶3]  On August 6, 2021, Voelker filed a petition for formal probate and submitted with the petition a purported copy of the Decedent's will dated November 21, 2016.

[¶4]  On April 7, 2022, Ackley filed a motion for judgment as a matter of law arguing that Voelker's "purported holographic will [was] not a valid will under Maine Law" and that it did not "meet any of the other exceptions to the requirements of [18-C M.R.S. § 2-502(1) (2023)]."  Voelker filed an answer and counter-motion for judgment as a matter of law on May 9, 2022, arguing that the Decedent had properly executed a valid will on November 21, 2016, and that the Decedent had retained the now lost original will, or, in the alternative,

that the document she submitted with her petition for formal probate—which she claimed was a copy of the November 21, 2016, will but without the signatures of the witnesses that were on the original, lost will—was valid as a holographic will pursuant to 18-C M.R.S. § 2-502(2). Voelker contended that 18-C M.R.S. § 3-402 (2023) provided for formal testacy of a will that was lost, destroyed, or otherwise unavailable, and that she should be permitted to introduce extrinsic evidence to prove the existence, contents, and validity of the lost will. Voelker attached two affidavits to support her allegation that the Decedent had properly executed and retained the November 21, 2016, lost will.

[¶5] On July 28, 2022, the Probate Court issued an order granting Ackley's motion for judgment as a matter of law, finding that the document proffered by Voelker was "not a valid holographic [w]ill nor d[id] it meet any of the other exceptions to the requirements of 18-C M.R.S. § 2-502(1), nor d[id] it satisfy any other requirements of Maine law to be a valid [w]ill." The Probate Court did not, however, render a decision on Voelker's counter-motion.

[¶6] On August 11, 2022, Voelker timely moved for findings, for amendment of the judgment, and for a new trial, contending that the Probate Court failed to address her claim of the existence of a lost will. Ackley timely objected to Voelker's motion on August 12, 2022. On August 25, 2022, the

4

Probate Court denied Voelker's request for amendment of the judgment and for a new trial, and made four additional findings to support, and to be read in tandem with, the court's July 28, 2022, order. The Probate Court's order making additional findings addressed the holographic will issue raised by Ackley's motion but did not address Voelker's counter-motion or her claim of a lost will. Voelker timely appealed on September 14, 2022. *See* M.R. App. P. 2B.

## II. DISCUSSION

[¶7] As a threshold matter, we must address whether the Probate Court's order constitutes a final judgment. *See In re Estate of Hiller*, 2014 ME 2, ¶ 17, 86 A.3d 9. "Generally, a judgment must be final in order for an appeal to be cognizable." *Id.* (citing *Estate of Dore v. Dore*, 2009 ME 21, ¶ 11, 965 A.2d 862). Even if neither party raises the finality issue, "our jurisprudence requires us to address the issue to assure that judicial resources are not wasted in consideration of appeals of preliminary orders that do not finally resolve a pending action." *Sanborn v. Sanborn*, 2005 ME 95, ¶ 5, 877 A.2d 1075. "A court order that adjudicates less than all the claims or the rights and liabilities of less than all the parties does not terminate the action as to any of the claims or parties." *Id.* ¶ 4; *see* M.R. Civ. P. 54(b)(1). "Such an order is not a final

judgment," and an appeal of such an order is interlocutory. *Sanborn*, 2005 ME 95, ¶¶ 4, 6, 877 A.2d 1075.

[¶8] In Ackley's motion, he challenges the legal sufficiency of the document proffered by Voelker as a holographic will. Voelker, in her answer and counter-motion, argues that the proffered document is valid as a holographic will, but she also argues that even if the Probate Court concludes that it is not a valid holographic will, then she should be permitted to introduce extrinsic evidence to prove the existence, contents, and validity of the Decedent's November 21, 2016, lost will pursuant to 18-C M.R.S. § 3-402.

[¶9] The Probate Court adequately addressed Ackley's motion and the issue of whether the proffered document was a valid holographic will, but it failed to address Voelker's counter-motion, especially the issue of the Decedent's lost will. Because the Probate Court's order failed to address all the claims raised by Voelker's counter-motion, it is not a final judgment and this appeal is interlocutory.

[¶10] "A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating" that one of the exceptions to the final judgment rule "justifies our reaching the merits of the appeal." *Maples v. Compass Harbor Vill. Condo. Ass'n*, 2022 ME 26, ¶ 16, 273 A.3d

358 (quotation marks omitted) ("The exceptions include (1) the death knell exception, (2) the collateral order exception, and (3) the judicial economy exception."). The parties did not raise the issue of whether this appeal was interlocutory, nor did they contend that an exception to the rule applies. Therefore, we conclude that the Probate Court's order is not a final judgment, and the appeal brought from that interlocutory order must be dismissed.

The entry is:

Appeal dismissed.

---

James M. Bowie, Esq., and Matthew S. Wahrer, Esq. (orally), Thompson Bowie & Hatch LLC, Portland, for appellant Jean Voelker

William N. Palmer, Esq. (orally), Gray & Palmer, Bangor, for appellee Joseph A. Ackley

Penobscot County Probate Court docket number 2021-870
FOR CLERK REFERENCE ONLY