MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 23
Docket:        And-23-97
Submitted
  On Briefs:   October 18, 2023
Decided:       April 2, 2024

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.*

## ESTATE OF ROBERT PETTENGILL BECKEY

HORTON, J.

[¶1]  Sandra L. Arthur and Angela M. Beckey appeal from a judgment of the Androscoggin County Probate Court (*Dubois, J.*) interpreting the will left by their late father, Robert Pettengill Beckey.  Sandra and Angela contend that the court erred in determining that the will includes an ambiguous devise of land to Angela and that the share of the estate that would have passed to Angela under the devise instead falls into the estate residue and passes to the residuary devisees.  We agree that the court erred, vacate the judgment, and remand for further proceedings.

## I.  BACKGROUND

[¶2]  The following facts and procedural history are drawn from the Probate Court's findings and the procedural record.  *See Estate of Ackley*, 2023

---

* Although Justice Jabar participated in this appeal, he retired before this opinion was certified.

ME 44, ¶ 2, 299 A.3d 23.  Robert executed a valid statutory will, *see* 18-A M.R.S. § 2-514 (2016), on February 26, 2016, six weeks before his death.  He was predeceased by his wife and a son and survived by three other children, Timothy E. Beckey, Sandra, and Angela.  Robert's will made the following specific devises:

- Real property:

    o To Sandra: "1/3 of property located at 848 Allen Pond Rd., Greene, ME"

    o To Timothy: "1/3 of property located at 848 Allen Pond Rd., minus the valuation of the boat house, boat, old garage, sawmill and land old garage and sawmill are located on"

    o To Angela: "1/3 of property located at 848 Allen Pond Rd., minus the valuation of piece of land on water by property line of 'Caron's'"

- Personal property:

    o To Timothy: "2003 Maxim motor boat" and "sawmill equipment and sawmill"

- Residuary estate:

    o One-third each to Sandra, Timothy, and Angela of Robert's Monmouth Federal Credit Union Checking and Savings Account

[¶3]  The property located at 848 Allen Pond Road is an approximately four-acre plot of land.  Pursuant to the Greene Land Use Ordinance, residential parcels of land generally must be at least 80,000 square feet, or just under two

acres, in size. Greene, Me., Land Use Ordinance § 3-101.2(G) (Sept. 18, 2021). The devise to Angela of a portion of the Allen Pond Road property is the focus of this appeal.

[¶4] Sandra applied for informal probate of the estate in May 2016, and the court appointed her as personal representative in June 2016. After Timothy petitioned to remove Sandra for failing to administer the estate properly, the court appointed a special administrator in August 2017.

[¶5] In July 2021, the special administrator petitioned the court for "a construction of two Articles of the decedent's Will"—the real-property provision and the residuary provision. Regarding the devises of the Allen Pond Road property, the special administrator proposed that Timothy's one-third share be reduced by the value of the items listed in the devise to him, which the administrator had already distributed to Timothy, and that Angela's one-third share fall into the residue because the "minus" clause reducing her devise by "the valuation of piece of land on water by property line of 'Caron's'" created an unresolvable ambiguity.

[¶6] To support the proposal, the special administrator provided extrinsic information regarding Angela's real-property devise: "Petitioner can find no recorded evidence of a conveyance of real estate at or near 848 Allen

Pond Road in Greene, Maine to Angela M. Beckey from the decedent. Without further detail as to the parcel to be valued in reduction of the devise, the devise must fail for ambiguity and the share which would have passed to Angela M. Beckey becomes part of the residue of the estate."

[¶7] Regarding the residuary provision, which referred only to funds in a Monmouth Federal Credit Union account, the petition pointed out that Robert's estate included real estate and tangible personal property not mentioned in the will and proposed "that the [c]ourt find that [the residuary provision] of the Will devises all of the decedent's residuary estate to his three surviving children, not just the decedent's interest in the funds on deposit with the Monmouth Federal Credit Union."

[¶8] Angela and Sandra opposed the special administrator's proposal regarding Angela's real-property devise. In a written response to the special administrator's petition and a subsequent offer of proof, they argued (1) that they could prove by extrinsic evidence that the "minus" clause in Angela's devise referred to a particular 2.04-acre portion of the Allen Pond Road property, and (2) that, even if the "minus" clause was ambiguous, there should be no reduction of Angela's one-third share because Robert never transferred any portion of the property to Angela. Angela and Sandra pointed out that,

"[u]nlike the case with Timothy, who received the items that his amount shall be reduced by, the decedent never gave to Angela, either during his lifetime or in his last Will, the property that her devise was intended to be reduced by. . . . Since Angela never received from the decedent any piece of land—no matter the size—it does not matter whether or not the decedent described the piece of land in an ambiguous manner . . . . If Angela didn't receive a piece of land from the Estate, it is highly likely that the decedent intended for Angela to receive her one-third share with no reduction—just as was the case with Sandra."

[¶9] On March 22, 2022, the parties submitted a joint statement of facts stipulating that when Robert executed his will, he was aware that (1) Angela had recently finalized her divorce, (2) Angela would soon need a new place to live, (3) the Greene Land Use Ordinance imposes a minimum residential lot size of approximately two acres, and (4) an individual with the last name Caron owned the property adjacent to the Allen Pond Road property. On April 21, 2022, the parties submitted a joint statement of issues and written arguments supporting their positions regarding the real-property devise to Angela.

[¶10] On August 11, 2022, the court entered an order construing the real-property devise. The court found that "Angela never acquired a piece of

land on water b[y] the property line of Caron's." Focusing on the content of the will, the court determined that the property description in the "minus" clause was ambiguous and "[a]ccordingly, the reduction of the share Angela is to receive cannot be calculated." The court determined that Angela and Sandra's proffered extrinsic evidence could not resolve the ambiguity in the description of land in the "minus" clause. Consistent with the proposal in the special administrator's petition, the court ruled that the devise to Angela of a one-third share of the Allen Pond Road property failed due to ambiguity and her share fell into the estate residue.

[¶11] Because the court's August 11, 2022, order had not addressed the special administrator's petition as to the residuary devise, the court convened a hearing on February 28, 2023, at which all parties agreed that the court should construe the residuary devise to provide for Sandra, Timothy, and Angela to receive equal shares of all residual property, not just the funds in the credit union account. On March 7, 2023, the court entered an order concluding that Robert intended to bequeath the whole residuary estate in equal shares to Sandra, Timothy, and Angela. The court further stated, "[W]ith the entry of this Order, the Court has ruled on all questions raised in the Petition, and this Order, together with the Court's Order dated August 11, 2022, constitutes a final

judgment on the Petition."[1]  Angela and Sandra filed a timely notice of appeal in the Probate Court.  *See* 18-C M.R.S. § 1-308 (2023); M.R. App. P. 2B(c).

## II.  DISCUSSION

[¶12]  Angela and Sandra present two arguments on appeal.  Most of their brief is dedicated to their first argument: that the court erred by determining that the devise to Angela of a one-third share of the value of the Allen Pond Road property fails due to ambiguity in the "minus" clause of the devise.  They assert that because Angela never received any portion of the Allen Pond Road property, no reduction in her one-third share is called for and any ambiguity in the "minus" clause is irrelevant.  Their second argument is that the court erred by determining that their proffered extrinsic evidence did not resolve the ambiguity in the "minus" clause property description.[2]  They contend that the stipulated facts establish "the exact parcel of land that the testator had intended

---

[1]  Because the court's order of August 11, 2022, did not resolve the special administrator's request for interpretation of the residuary provision and because the special administrator's petition initiated a single probate proceeding, the August 11, 2022, order was not a final judgment.  *See Estate of Kerwin*, 2020 ME 116, ¶¶ 8-9, 239 A.3d 623 (holding that probate order was not final because it "did not conclude the proceedings on the petition").

[2]  The parties do not challenge the court's consideration of extrinsic evidence, and the Probate Court had authority to consider evidence beyond the will to resolve an ambiguous description of land.  *See Estate of Wilson*, 2003 ME 92, ¶ 11, 828 A.2d 784 ("A court may resort to extrinsic evidence to discern the intention of the testator if the will is ambiguous.").

to divide" and that the court should therefore have ordered the land or its value to be distributed to Angela.

## A.     Guiding Principles and Standard of Review

[¶13]  The lodestar that guides a court's interpretation of a will is the testator's intent.  *See* 18-A M.R.S. § 2-603 (2016).[3]  When construing a will, "[t]he intention of a testator as expressed in his will controls the legal effect of his dispositions."  *Id.*; *Estate of Sweet*, 519 A.2d 1260, 1264 (Me. 1987).  Intent is "gathered from . . . the four corners of the will.  If the language in a will is doubtful, or ambiguous, conditions existing when the will was made may be considered, if they were known to the testator . . . ."  *First Portland Nat. Bank v. Kaler-Vaill Mem. Home*, 155 Me. 50, 59, 151 A.2d 708, 713 (1959) (quotation marks omitted).  Although the court may not "rewrite" a will, *id.* at 60, 151 A.2d at 713, "[l]anguage may be changed or moulded to give effect to intent, and intent will not be allowed to fail for want of apt phrase or conventional formula," *Green v. Allen*, 132 Me. 256, 258, 170 A. 504, 505-06 (1934) (citation omitted).

---

[3] The probate code was recodified in 2018 with substantial changes.  P.L. 2017, c. 402, §§ A-1, A-2, F-1 (effective July 1, 2019); *see also, e.g.*, 18-C M.R.S.A. § 2-601 Unif. Prob. Code Me. cmt. (2019).  Although 18-C M.R.S. § 8-301(2)(E) (2023) provides that the rules of construction of the current code apply to wills executed prior to September 1, 2019, applying the current rules "is justified only when the testator has the opportunity to modify his will if he or she disagrees with the code."  *Connary v. Shea*, 2021 ME 44, ¶¶ 23-24, 259 A.3d 118 (quotation marks omitted).  Because Robert died prior to the effective date of the current code, the rules of construction of Title 18-A apply here.

[¶14]  "We review a court's interpretation of a will de novo," *Estate of Silsby*, 2006 ME 138, ¶ 15, 914 A.2d 703, and when the court finds ambiguity and admits extrinsic evidence of intent, we review the court's factual findings for clear error, *Estate of Lord*, 2002 ME 71, ¶ 10, 795 A.2d 700.

**B.    The Ruling on Angela and Sandra's Proffered Extrinsic Evidence**

[¶15]  We agree with the court's ruling that Angela and Sandra's proffered extrinsic evidence does not resolve the ambiguity in the "minus" clause within the real-property devise to Angela.  Angela and Sandra tender a plausible reason why Robert never conveyed any portion of the Allen Pond Road property to Angela: his death six weeks after executing the will prevented him from completing the conveyance.  However, their proffer at best could show that Robert intended to convey to Angela a buildable, two-acre lot (or the value thereof) with some amount of water frontage somewhere on the Allen Pond Road property.  Thus, the court did not clearly err in finding that the extrinsic evidence fails to resolve the ambiguity as to the description and value of the property to be conveyed.

**C.    The Ruling on Failure of the Devise**

[¶16]  In concluding that the devise to Angela of a one-third share of the Allen Pond Road property fails and falls into the residue, the court adopted the

special administrator's proposal, which cited our decision in *First Portland National Bank v. Kaler-Vaill Memorial Home,* 155 Me. 50, 151 A.2d 708 (1959). In *First Portland,* we decided that a testator's devise to a charity failed because the devisee charity did not exist at the time of the testator's death. 155 Me. at 66-67, 151 A.2d at 717. However, our reasoning in that decision does not support the special administrator's proposal or the court's ruling that Angela's devise should fail. There is no uncertainty as to the identity or legal capacity of the devisee here and no reason for the ambiguity in the "minus" clause to defeat the entire devise to Angela.

[¶17]  Although the "minus" clause in the devise to Angela may be ambiguous in describing what portion of the Allen Pond Road property the clause refers to, the court found that Robert intended any reduction in Angela's one-third share to be based only on the value of a conveyance to her of some portion of the property.[4] That Robert never conveyed to Angela any of the Allen Pond Road property is undisputed. Regardless of why he did not, that he did

---

[4] If the "minus" clause had been completely generic as to the reduction in Angela's share—as in, for example, "minus the valuation of all other real or personal property I ever conveyed to Angela," the uncertainty could defeat the entire devise unless all of Robert's prior conveyances to Angela could be identified and valued. Because Robert never made a conveyance to Angela within the narrow scope of the "minus" clause, however, the clause is irrelevant to the disposition of the Allen Pond Road property and does not cause the devise to fail. *Cf. Estate of Hodgkins*, 2002 ME 154, ¶ 9, 807 A.2d 626 (stating that, to avoid forfeiture, "[w]hen a devise is unclear about whether the testator intended to impose a condition on a gift, we will interpret the provision as not imposing such a condition").

not renders the ambiguity in the "minus" clause description irrelevant. In fact, even if the description had referred to an identifiable lot within the Allen Pond Road property, the "minus" clause would not apply because there was no conveyance to Angela that would trigger it and the parties agree that Robert intended that Angela's share be reduced only if she had already received some portion of the Allen Pond Road property.

[¶18] Moreover, under the court's ruling that Angela's one-third share falls into the residue, Angela would acquire a one-ninth share of the Allen Pond Road property, whereas Sandra and Timothy each would acquire a four-ninths share (minus the value of the other property that reduces the value of Timothy's share). That result is plainly contrary to the court's finding that Robert "intended his three children to receive an equal share of the value of the real estate reduced by the value of certain specified property received by Timothy Beckey and Angela." *See Estate of Champlin*, 684 A.2d 798, 800 (Me. 1996) ("All parts of the will are construed in relation to each other and apparently repugnant portions of a will must be reconciled if possible by considering the will in its entirety and as an expression of consistent intents." (quotation marks omitted)).

[¶19]  We conclude that Angela is entitled to a one-third share of the Allen Pond Road property's value without any reduction.  Therefore, we vacate the judgment and remand for further proceedings consistent with this opinion.

The entry is:

> Judgment vacated.  Remanded for further proceedings consistent with this opinion.

---

James E. Belleau, Esq., and Alex S. Parker, Esq., Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for appellants Sandra L. Arthur and Angela M. Beckey

No appellee filed a brief

Androscoggin County Probate Court docket number 2016-235
FOR CLERK REFERENCE ONLY