MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 147
Docket:        Cum-13-444
Argued:        September 10, 2014
Decided:       December 18, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and HJELM, JJ.

2301 CONGRESS REALTY, LLC

v.

WISE BUSINESS FORMS, INC.

SAUFLEY, C.J.

[¶1]    This appeal arises from a lease dispute between landlord 2301 Congress Realty, LLC, and tenant Wise Business Forms, Inc., and the parties' resolution of that dispute in a settlement agreement reached through mediation. Wise appeals from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) denying its motion for summary judgment on its counterclaim for enforcement of the settlement agreement. Because 2301 Congress has signed an agreement reflecting all of the terms of the settlement reached through mediation, we affirm the court's determination that the counterclaim seeking to enforce the settlement is moot.

2

## I. BACKGROUND

[¶2]   From May 2002 to May 2012, Wise leased from 2301 Congress business premises located at 2301 Congress Street in Portland pursuant to a written lease.  In July 2012, 2301 Congress filed a complaint in the Superior Court alleging that Wise had breached maintenance and repair provisions contained in the lease and that Wise had converted three humidifiers that were affixed to the property.  Wise filed an answer denying these allegations and asserted a counterclaim for breach of contract, alleging that 2301 Congress had failed to perform certain repairs and maintenance required by the lease.

[¶3]   On November 1, 2012, Robert Willis (owner of 2301 Congress) and Charles Teets (chief operating officer and general counsel for Wise) appeared with counsel at a mediation before a private attorney.  After the mediation, the mediator drafted a summary settlement agreement, stating in whole:

> 2301 Congress Realty, LLC (2301) and Wise Business Forms, Inc. (Wise) after mediation this 1st day of November, 2012 agree to resolve all disputes between them on the following summary terms, with final settlement documents to be prepared by counsel for Wise and reviewed by counsel for 2301:
>
> 1.   Wise will place the three humidifiers (GTS-100, GTS-200, and GTS-400CAB) (in as is condition) on pallets for pick up by 2301.
>
> 2.   Wise will pay 2301 $48,000 within 20 days of execution of final settlement documents.

3.  The final settlement documents will include a general mutual release of all claims of any kind or nature, whether known or unknown. The release will include a release both by and for the benefit of Bob Willis, and will include a release of Wise's insurer.

4.  The pending Superior Court litigation (claims and counterclaims) will be dismissed with prejudice and without costs or attorneys' fees.

Both parties signed this summary agreement at the mediation. On that same day, both of the parties and the mediator also signed an alternative dispute resolution conference report that stated, "As a result of the ADR Conference(s), this action is . . . Fully Resolved."

[¶4] After the mediation, 2301 Congress prepared and presented to Wise a draft of a final settlement agreement. A new disagreement arose regarding the scope of the "general mutual release of all claims" described in paragraph 3 of the summary agreement. 2301 Congress initially contended that the agreement did not cover claims for indemnification related to hazardous materials, and it sought to explicitly exclude those claims from the mutual release. Wise contended that the language in paragraph 3 of the agreement was binding and precluded any reservation of the right to seek indemnification against Wise.

[¶5] On November 15, 2012, the court entered an order that had been prepared by the mediator after the parties settled the case: "The entry will be: 'Report of ADR Conference filed. Case resolved. Order/judgment is entered.'"

4

On that same day, because the parties had been unable to agree on the language regarding the mutual release, Wise moved to amend its original counterclaim to add a second count for breach of the summary settlement agreement. The court granted Wise's motion to amend its counterclaim, but the court declined to make findings on whether the summary settlement agreement was enforceable. The order further stated that "all proceedings with respect to the claims originally asserted in this action are stayed until that counterclaim is resolved."

[¶6] Wise filed its answer and amended counterclaim, which included the second counterclaim for breach of the agreement. Wise alleged that "[t]he final settlement documents have not been executed because [2301 Congress] has refused to sign a release that conforms to the [summary agreement]." 2301 Congress filed an amended answer to Wise's counterclaims.

[¶7] In April 2013, Wise moved for summary judgment on its counterclaim for enforcement of the agreement. The next month, 2301 Congress executed and sent to Wise a complete settlement agreement and mutual release that contained language that comported with the language in paragraph 3 of the summary settlement agreement. In so doing, 2301 Congress removed any reservation of a right to seek indemnification against Wise. Wise has acknowledged that this settlement agreement now includes language consistent with the language of the summary agreement but has declined to sign the agreement, contending that 2301

Congress's counsel had stated in a separate communication to Wise that 2301 Congress still intended to reserve indemnification claims from the mutual release.

[¶8]  Responding to Wise's motion, 2301 Congress filed a cross-motion for summary judgment, requesting that the court deny Wise's summary judgment motion as moot and compel Wise to execute the complete settlement agreement that was already signed by 2301 Congress.  The cross-motion further sought a summary judgment ordering the return of the three humidifiers and payment of $48,000 to 2301 Congress pursuant to the terms of the summary agreement.  Alternatively, 2301 Congress requested that the court declare the summary agreement void and unenforceable because there was no meeting of the minds regarding the scope of the mutual release.

[¶9]  On August 30, 2013, the court (1) denied Wise's motion for summary judgment as moot, (2) granted summary judgment to 2301 Congress as to the $48,000 payment and the return of the three humidifiers, and (3) denied the motions in all other respects, including "with respect to the interpretation or effect of the settlement agreement or release . . . because those issues present a hypothetical and non-justiciable dispute at this time."  Wise appealed to us.

## II.  DISCUSSION

[¶10]  "Settlement agreements are analyzed as contracts, and the existence of a binding settlement is a question of fact."  *In re Estate of Snow*, 2014 ME 105,

¶ 11, 99 A.3d 278 (quotation marks omitted). For a settlement agreement to be binding, the parties must have mutually intended "to be bound by terms sufficiently definite to enforce." *Id.* (quotation marks omitted). When parties report to the court that they have reached a settlement and have memorialized the terms of the agreement and expressed clear consent to those terms, "that settlement becomes an enforceable agreement and, upon acceptance by the court, is incorporated as a judgment of the court." *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 7, 968 A.2d 539. If a release is "absolute and unequivocal" in its terms, it "cannot be explained by parol evidence and must be construed according to the language that the parties have seen fit to use." *Norton v. Benjamin*, 220 A.2d 248, 253 (Me. 1966) (quotation marks omitted).

[¶11]  Here, the agreement that the parties reached through mediation was broad and clear: "The final settlement documents will include a general mutual release of all claims of any kind or nature, whether known or unknown." This agreed upon language included no reservation of rights to bring indemnification claims. 2301 Congress eventually executed a complete settlement agreement that contained the required general release, but Wise refused to sign it because it feared that 2301 Congress still considered certain types of claims to be outside the scope of that release.

[¶12]   The primary question before the court on the cross-motions was whether the parties had reached a sufficient meeting of the minds to create a binding contract and judgment by executing the summary settlement agreement, and whether the release signed by 2301 Congress satisfied the terms of that agreement.  At mediation, the parties agreed to execute a general release without any provision for the exclusion of claims, and they are bound by that agreement.  Because 2301 Congress executed a general  release, the court correctly determined that 2301 Congress satisfied its obligation pursuant to the summary settlement agreement.  Notwithstanding Wise's apprehension that, at some point in the future, 2301 Congress might act in contradiction to that release, the release now signed by 2301 Congress provides for no exclusions.  Once 2301 Congress signed the release, there was no controversy remaining for adjudication.

[¶13]   Because, after a brief initial disagreement over the language of the release, 2301 Congress executed a general release that complied with the summary agreement reached through mediation, the court correctly determined that Wise's motion for summary judgment on its counterclaim seeking to enforce the summary settlement agreement was moot.

The entry is:

Judgment affirmed.

8

**On the briefs:**

> Brendan P. Reilly, Esq., Jensen Baird Gardner & Henry, Portland, for appellant Wise Business Forms, Inc.

> Jennifer S. Riggle, Esq., and Robert P. Hayes, Esq., Germani Martemucci Riggle & Hill, Portland, for appellee 2301 Congress Realty, LLC

**At oral argument:**

> Brendan P. Reilly, Esq., for appellant Wise Business Forms, Inc.

> Jennifer S. Riggle, Esq., for appellee 2301 Congress Realty, LLC

Cumberland County Superior Court docket number CV-2012-297

For Clerk Reference Only