MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2016 ME 11
Docket:       Cum-15-104
Argued:       December 10, 2015
Decided:      January 14, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

WARREN CONSTRUCTION GROUP, LLC

v.

LESLIE REIS et al.

GORMAN, J.

[¶1]  Leslie and Michael Reis appeal from a summary judgment entered in the Superior Court (Cumberland County, *Cole, J.*) in favor of Warren Construction Group, LLC, on Warren's claims for breach of contract, violation of the Prompt Payment Act, 10 M.R.S. §§ 1111-1120 (2015), and enforcement of a mechanic's lien.  We conclude that the Reises did not preserve the argument they raise on appeal, and we affirm the judgment.

## I.  BACKGROUND

[¶2]  The summary judgment record reveals the following undisputed facts, which we view in the light most favorable to the Reises, the nonprevailing parties. *See Budge v. Town of Millinocket*, 2012 ME 122, ¶ 12, 55 A.3d 484.  The parties entered into an oral contract pursuant to which the Reises would pay Warren to renovate their house in Freeport.  Warren began the project in late September of

2

2012, but stopped working in early February of 2013 when the Reises had yet to make any payments.

[¶3]   In May of 2013, Warren perfected a mechanic's lien on the Reises' property and filed a five-count complaint in the Superior Court.   Warren alleged breach of contract (Count I), quantum meruit (Count II), unjust enrichment (Count III), violation of the Prompt Payment Act, 10 M.R.S. §§ 1111-1120 (Count IV), and enforcement of its mechanic's lien (Count V).   In the answer he filed, Michael Reis[1] admitted the following assertion: "Warren and the Reises entered into a binding contract for construction of the Project."   Five months later, Warren moved for summary judgments on its breach of contract, Prompt Payment Act, and mechanic's lien claims.

[¶4]   Michael Reis[2] filed an unsigned opposition statement that did not comply, in any way, with M.R. Civ. P. 56, and that concluded with the following statement: "Based on the facts presented [here] there is no reason for Warren to receive a mechanics lien or other damages and legal fees until the work is completed properly and at that time he will be entitled to the balance due him of

---

[1]   Michael signed the answer to the complaint "for Leslie and Michael Reis."   Michael Reis is not authorized to practice law in Maine and therefore cannot represent Leslie in court.   4 M.R.S. § 807(1) (2015).   Had Warren so requested, the court could have entered a default judgment against Leslie for failing to answer the complaint.

[2]   Throughout the litigation, Michael Reis filed unsigned documents with the court, ostensibly representing himself.   Because Leslie Reis filed no opposition to the motion for summary judgment, she would not be entitled to any relief even if Michael had prevailed on appeal.

[$29,592.06].” After Warren filed a reply, Michael Reis filed a second unsigned "reply to oppose summary judgment." In this second document, which also failed to comply with the requirements of M.R. Civ. P. 56, Michael Reis listed eleven items that he claimed Warren had failed to complete satisfactorily.

[¶5] After the court granted Warren's motion and entered summary judgments on the requested claims, the Reises filed a "Verified Motion to Alter or Amend [Judgment] pursuant to Rule 59." In this motion, signed by both Reises, they stated that they had opposed Warren's motion for summary judgment and that they "did controvert a single issue." They described that issue as "the time and manner of payment."

[¶6] In their Rule 59 motion, the Reises also mentioned, for the first time, the Home Construction Contracts Act (HCCA), 10 M.R.S. §§ 1486-1490 (2015), stating that the "entire oral contract claims are a violation of the [HCCA]." But, immediately following the mention of that statute, the Reises reverted to their assertion that their dispute was not about the HCCA, but rather about the terms of payment they had agreed to. They stated: "The single issue of material fact controverted by the defendants in their opposition and in Michael Reis's deposition should be allowed to establish a genuine issue of material fact permitting the case to proceed to [trial]." The court denied the motion without specific reference to the Reises' arguments.

4

[¶7] We dismissed the Reises' first appeal as interlocutory because the court had not adjudicated Warren's claims for quantum meruit and unjust enrichment, Counts II and III of the complaint. *See Warren Constr. Grp., LLC v. Reis*, 2014 ME 144, 107 A.3d 1120. On remand, the court dismissed those remaining counts. This appeal followed.

## II. DISCUSSION

[¶8] The Reises' single argument on appeal is that Warren could not succeed on any of its claims because the parties' oral contract is unenforceable pursuant to the HCCA.[3] Warren contends that the Reises did not present this argument to the trial court in a manner sufficient to preserve it for appellate review. We agree.

[¶9] Although the Reises were unrepresented throughout the litigation in the trial court, "[w]e have long recognized the principle that pro se litigants are held to the same standards as represented litigants." *Richards v. Bruce*, 1997 ME 61, ¶ 8, 691 A.2d 1223. Those standards include the general rule that, unless a fundamental liberty interest is at stake, we will not reach an issue that is raised for the first time on appeal. Alexander, *Maine Appellate Practice* § 402(a) at 243 (4th ed. 2013); *see also Teel v. Colson*, 396 A.2d 529, 534 (Me. 1979) ("It is a well

---

[3] The HCCA provides, in relevant part: "Any home construction contract for more than $3,000 in materials or labor must be in writing and must be signed by both the home construction contractor and the homeowner or lessee." 10 M.R.S. § 1487 (2015).

settled universal rule of appellate procedure that a case will not be reviewed by an appellate court on a theory different from that on which it was tried in the court below."). "An issue is raised and preserved if there was a sufficient basis in the record to alert the court and any opposing party to the existence of that issue." *Verizon New England, Inc. v. Pub. Utils. Comm'n*, 2005 ME 16, ¶ 15, 866 A.2d 844 (quotation marks omitted); *see also Dillon v. Select Portfolio Servicing*, 630 F.3d 75, 80 (1st Cir. 2011) (holding that an argument made for the first time in a motion for reconsideration is not preserved for appeal).

[¶10]   Here, throughout the litigation in the trial court, Michael Reis's defense was predicated on his theory that the contract did not require him to pay Warren anything until Warren had satisfactorily completed all of the renovation work.  Michael Reis did not raise the enforceability of the contract pursuant to the HCCA as a defense in his answer and did not allege the HCCA as the basis for a counterclaim.  He also failed to raise any concerns relating to the HCCA in either of his summary judgment filings.  The Reises' Rule 59 motion itself focused on the payment terms, and included only a glancing reference to the HCCA, simply quoting the statute and referring to Warren's claims as a "violation."  At no time did either Michael Reis or the Reises argue to the trial court, as the Reises do on appeal, that a contract that violates the HCCA cannot give rise to liability for breach of contract.

6

[¶11]  The Reises' glancing reference to the HCCA in their Rule 59 motion was insufficient to alert the trial court that they claimed that the contract was invalid.  As a result, they have not preserved the issue for our review, and we therefore affirm the court's judgment.

The entry is:

Judgment affirmed.

_____

**On the briefs:**

David C. Pierson, Esq., Eaton Peabody, Portland, for appellants Leslie and Michael Reis

A. Robert Ruesch, Esq., and Taylor R. Neff, Esq., Verrill Dana, LLP, Portland, for appellee Warren Construction Group, LLC

**At oral argument:**

David C. Pierson, Esq., for appellants Leslie and Michael Reis

Taylor R. Neff, Esq., for appellee Warren Construction Group, LLC

Cumberland County Superior Court docket number RE-2013-183
FOR CLERK REFERENCE ONLY