STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: RE-2020-97

CHRISTOPHER OLDS and   )
BRENT OLDS,            )
                       )
         Plaintiffs,   )      ORDER ON PLAINTIFFS' MOTION TO
                       )      DISMISS DEFENDANT'S COUNTERCLAIM
     v.                )
                       )
SHAWN OLDS,            )
                       )
         Defendant     )

This matter is before the court on Plaintiffs, Christopher and Brent Olds's, Motion to Dismiss Defendant, Shawn Olds's, Counterclaim in this action for breach of settlement agreement and partition of real property. After due consideration, the court finds that Defendant's Counterclaim is barred by the doctrine of res judicata and must be dismissed with prejudice.

## I. Factual Background

For the purposes of this motion, the allegations in Defendant's Counterclaim must be considered true and viewed in the light most favorable to him. Plaintiffs and Defendant own real property located at 11 Sunset Road, Scarborough, Maine as tenants-in-common ("the Property"). (Def.'s Countercl. ¶¶ 1-2.) The Property was conveyed to the parties by Warranty Deed from their parents, Leon and Orabelle Olds, dated June 12, 2009. (Def.'s Countercl. ¶ 3.) Prior to the conveyance, Plaintiffs and Defendant each promised to support and care for their parents in their late lives. (Def.'s Countercl. ¶ 4.) After conveyance of the Property, Leon and Orabelle became physically incapacitated and mentally impaired. (Def.'s Countercl. ¶ 10.) Defendant furnished care and support

to Leon and Olds prior to their respective deaths. (Def.'s Countercl. ¶ 14.) Leon died on January 29, 2018 and Orabelle died on January 15, 2020. (Def.'s Countercl. ¶¶ 6, 8.)

In 2018, Plaintiffs brought a partition action ("2018 action") against Defendant in this court. (Cumberland County Docket No. RE-18-187.) Defendant opposed the 2018 action. Plaintiffs and Defendant engaged in mediation on the 2018 action on March 20, 2019. The mediation resulted in a Settlement Agreement executed by both Plaintiffs and Defendant. In Clause 3 of that Settlement Agreement, the parties agreed that Defendant would be permitted to reside at the Property while caring for Orabelle, but would not be entitled to any other compensation for his caregiving services. The parties agreed to certain procedures for listing the Property for sale following Orabelle's death. In Clause 7(j)(iii) of the Settlement Agreement, the parties agreed to distribute one-third of the proceeds of the sale of the Property to each co-tenant. The parties then signed and filed a Report of ADR Conference and Order ("the Report") reflecting the Settlement Agreement. The 2018 action was subsequently dismissed.

On December 8, 2020, Plaintiffs filed a Complaint for Breach of the 2018 Settlement Agreement and sought Equitable Partition of Real Property, alleging that Defendant had failed to abide by the terms of the Settlement Agreement regarding listing of the Property for sale. On December 14, 2020, Plaintiffs filed an Amended Complaint. Defendant then filed an Answer to Plaintiffs' Amended Complaint and filed a separate Counterclaim. In his Counterclaim, Defendant alleged that the Plaintiffs each breached a promise to their parents to care for them prior to their deaths and that, as a result of the breach of promise, the Plaintiffs were unjustly enriched in an amount at least equal to the fair market value of Plaintiffs' interest in the Property. (Def.'s Countercl. ¶ 16.) Defendant's Counterclaim asks this court to order equitable partition of the Property, considering the circumstances

arising between and among the parties and their parents since the incapacity of their father and, subsequently, their mother. Plaintiffs have filed a Motion to Dismiss Defendant's Counterclaim.

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) "tests the legal sufficiency of the allegations in the complaint, not the sufficiency of the evidence the plaintiffs are able to present." *Barnes v. McGough*, 623 A.2d 144, 145 (Me. 1993) (internal citations omitted). The court shall "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶¶ 16, 17 A.3d 123. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## III. Discussion

Plaintiffs have filed a Motion to Dismiss Defendant's Counterclaim on the grounds that: (1) the claim is precluded by res judicata; (2) Defendant does not have standing to bring the claim; and (3) Defendant has not set forth elements of a cause of action or alleged facts that would entitle Defendant to relief. The court will consider each ground in turn.

### A. Res Judicata

"The doctrine of res judicata is a court-made collection of rules designed to ensure that the same matter will not be litigated more than once.'" *Camps Newfound/Owatonna Corp. v. Town of Harrison*, 1998 ME 20, ¶ 11, 705 A.2d 1109 (citations and quotations omitted). Res judicata "has two components: collateral estoppel, also known as issue

preclusion, and claim preclusion." *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 16, 8 A.3d 677. Collateral estoppel "prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Penkul v. Matarazzo*, 2009 ME 113, ¶ 7, 983 A.2d 375 (quotations omitted). Furthermore, "[w]hen parties report to the court that they have reached a settlement and have memorialized the terms of the agreement and expressed clear consent to those terms, 'that settlement . . . is incorporated as a judgment of the court.'" *2301 Cong. Realty, LLC v. Wise Bus. Forms, Inc.*, 2014 ME 147, ¶ 10, 106 A.3d 1131 (quoting *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 7, 968 A.2d 539).

Defendant's counterclaim is barred by the collateral estoppel element of res judicata. The parties in this lawsuit are identical to those named in the 2018 action. Moreover, the issues raised by Defendant in his Counterclaim are identical to those resolved by final judgment in the 2018 action. Namely, Defendant claims that the Plaintiffs breached a promise to their parents to care for them prior to their deaths and that, as a result of that breach of promise, the Plaintiffs were unjustly enriched. Defendant therefore asks this court to again equitably partition the Property, considering the "circumstances and relations arising between and among the Parties and their parents since the incapacity of their father and the subsequent incapacity of their mother." (Def.'s Countercl. ¶ 9.) These circumstances and relations were at issue in the 2018 partition action and have been settled by final judgment. Defendant had a fair opportunity and incentive to litigate these issues in the 2018 action. Indeed, Defendant actually participated in the mediation that resulted in execution of the Settlement Agreement

resolving the issues presented in Defendant's Counterclaim.[1]  In that Settlement Agreement, the parties agreed that Defendant would be permitted to live in the Property while caring for Orabelle and would be entitled to one-third of the net proceeds of the sale of the Property.  Defendant specifically agreed that he would be entitled to no other compensation for his care of Orabelle.

Accordingly, the Defendant's Counterclaim is barred by the doctrine of res judicata and should be dismissed.  The court, therefore, need not address Plaintiffs' other arguments for dismissal.

## IV. Conclusion

Defendant's Counterclaim asks this court to partition the Property and to consider the "circumstances and relations arising between and among the Parties and their parents since the incapacity of their father and the subsequent incapacity of their mother" when dividing the proceeds of the sale of the Property.  These facts and any bearing they may have on the partition of the Property were settled in the 2018 action.  Accordingly, res judicata prevents relitigating the issues presented in Defendant's Counterclaim.

The entry is:

Plaintiffs' Motion to Dismiss Counterclaim is GRANTED.

Defendant's Counterclaim is DISMISSED WITH PREJUDICE.

---

[1] Although a motion to dismiss is converted to one for summary judgment if documents outside the pleadings are presented to and not excluded by the trial court, official public documents and documents central to the claim are excepted from this rule when their authenticity is not challenged. *See Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 11, 843 A.2d 43; *see also Nisselson v. Lernout*, 469 F.3d 143, 150 (1st Cir. 2006) (Exhibits to a complaint, court files, public documents may be considered in the context of a Rule 12(b)(6) motion). Here, the Report is a public document that is central to the Defendant's Counterclaim. Accordingly, it would be inappropriate to convert this Motion to Dismiss to one for summary judgment.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____8/20/2021_____


_____
MaryGay Kennedy, Justice
Maine Superior Court