MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2022 ME 60
Docket:         Oxf-22-35
Submitted
  On Briefs:    September 21, 2022
Decided:        December 13, 2022

Panel:          STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

PAT DOE

v.

THOMAS HEWSON

MEAD, J.

[¶1]  Pat Doe[1] appeals the dismissal with prejudice of her protection from abuse (PFA) case by the District Court (South Paris, *Ham-Thompson, J.*).  Doe asserts that the trial court erred in determining that she had agreed to a dismissal with prejudice if Thomas Hewson did not violate the temporary PFA order for two years and in finding that Hewson had not violated the temporary PFA order.[2]  We affirm the judgment.

---

[1]  Pursuant to federal law, we do not identify the plaintiff because of a protection from abuse order between the parties, and we limit our description of events and locations to avoid revealing "the identity or location of the party protected under [a protection] order" as required by 18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 117-214).  *See Doe v. Tierney*, 2018 ME 101, n.1, 189 A.3d 756.

[2]  Doe also alleges that the trial court erred in allowing extensions of the PFA order rather than holding a final evidentiary hearing, contending that such a hearing is required by statute and is not within the court's discretion.  We disagree.  The record supports the court's finding that Doe

## I. BACKGROUND

[¶2]  On October 22, 2018, Doe filed a complaint for protection from abuse on behalf of herself and her two minor children against Thomas Hewson. The court (*Oram, J.*) issued a temporary order that same day.  At the time, the parties were in the midst of a divorce proceeding and the two cases were eventually consolidated.  The temporary PFA order was extended and modified several times with the consent of both parties.  As the final hearing for the divorce approached, the PFA case was included in the divorce settlement negotiations.

[¶3]  As of December 10, 2019, the parties had negotiated a future dismissal with prejudice of the PFA case, as part of their full and final settlement of all pending matters, the terms of which were accepted and adopted by the court on December 12, 2019.  The negotiated language reads:

> The Amended Temporary Order dated 11/8/18 shall remain in full force and effect for a period of two years from [December 12, 2019].  All provisions related to parental rights and responsibilities, including parent-child contact and contact between the parties concerning the minor children shall be governed by and amended by the presiding Judge in the parties' Family Matter.  Pending the hearing, the temporary order will remain in full force and effect. *Unless there have been incidents that violate this Order, this case shall be dismissed with prejudice at the end [of] the two-year period.*

consented to the numerous extensions of the order and explicitly agreed that the case would be dismissed with prejudice if Hewson did not violate the temporary order for two years.

(Emphasis added.)

[¶4]  On November 19, 2021, on the eve of the expiration of the agreed-upon, self-terminating Order, Doe filed a motion for a hearing in which she requested a final evidentiary hearing in the PFA case, asserting that she did not agree with the negotiated language.[3]  Doe alleged that Thomas "continued to exhibit a pattern of behavior which could be characterized as abuse within the meaning of 19-A M.R.S. § 4002(3-B)."[4]  Thomas objected, arguing the language regarding the dismissal of the PFA case was part of a settlement agreement to which Doe had agreed and that the PFA case should be dismissed with prejudice because he had not violated the order in the preceding two years.  On December 17, 2021, the court held an evidentiary hearing on Doe's motion for a hearing.

[¶5]  After considering the evidence presented at the hearing, the court entered a judgment dismissing the PFA order with prejudice.  The court found that Doe was heavily involved in negotiating the PFA language that was accepted by the court.  The court rejected Doe's assertion that she did not

---

[3]  The final divorce judgment was issued on January 21, 2020.  No further activity had occurred in the PFA case between the entry of the order and Doe's motion on November 19, 2021.

[4]  19-A M.R.S. § 4002(3-B) (2022) was not effective until September 2019, almost a year after the PFA was entered.  The PFA was not amended to include protection from economic abuse, which was the subject of section 4002(3-B).

4

understand what "dismissed with prejudice" meant, finding that Doe's claim was "lacking in veracity" and that Doe had "proven herself to be an active, engaged litigant with more than a cursory understanding of the legal process." The court concluded that "[Doe] understood and agreed with the language of the extended temporary order, including the provision that the PFA complaint would be dismissed with prejudice following two years without violation."

[¶6]  The court also found there had been no violations of the PFA order. Doe had alleged four instances of abuse: one in which Thomas mailed Doe, via U.S. Mail, documents in violation of the order prohibiting Thomas from having any contact with Doe; and three in which she claimed that Thomas committed economic abuse as defined in 19-A M.R.S. § 4002(3-B).  The allegations of economic abuse included Thomas's failure to contribute to the children's extracurricular activities,[5] his failure to pay for the children's dinner at a local restaurant, and his failure to give Doe her portion of an IRS refund check resulting from their 2018 taxes.[6]  The court did not find any of Doe's assertions

---

[5]  The divorce judgment required both parents to contribute to the children's extracurricular activities.

[6]  For the first time on appeal, Doe argues that Thomas's retention of the 2018 IRS refund check is a conversion of her property "in violation of the order prohibiting Thomas from taking, converting, or damaging property in which [Doe] may have a legal interest."  This assertion was not preserved for appeal and is not addressed further.  *See Warren Const. Gr. v. Reis*, 2016 ME 11, ¶ 9, 130 A.3d 969.

of wrongdoing credible but did find credible Thomas's explanation of those incidents.

[¶7] In sum, the court found the negotiated agreement to dismiss the PFA case that was accepted and adopted by the court in its Order was fully enforceable as written and that no violation of the Order had occurred; consequently, it dismissed the PFA case with prejudice. Doe timely appealed.

## II. DISCUSSION

[¶8] Doe argues that the trial court erred in finding she had accepted and understood the negotiated terms of the settlement of the PFA case. She asserts that she was not aware that "dismissed with prejudice" meant the court would dismiss the PFA case without a finding of abuse if there were no further violations of the PFA order within two years, and that such language is ambiguous and should be construed in her favor. Doe also argues that the trial court committed clear error in finding Thomas had not violated the PFA order.

## A.    Language Requiring Dismissal of the PFA Case

[¶9] "A settlement agreement is analyzed as a contract and the existence of a binding settlement agreement is a question of fact reviewed for clear error." *Doe v. Lozano*, 2022 ME 33, ¶ 13, 276 A.3d 44. "A court's finding is clearly erroneous when there is no competent evidence in the record to support it."

*In re Children of Danielle H.*, 2019 ME 134, ¶ 8, 215 A.3d 217. When parties dispute whether an enforceable settlement was reached, "findings of fact regarding the terms of the agreement and the parties' intent may be required." *Muther v. Broad Cove Shore Ass'n*, 2009 ME 37, ¶ 6, 968 A.2d 539.

[¶10] The evidentiary record provides more than ample competent evidence to support the trial court's finding that the parties knowingly negotiated a final dismissal with prejudice of Doe's PFA complaint conditioned upon no violations of the order having occurred during the two year period following the issuance of the order. The record supports the trial court's express findings that Doe understood the terms of the settlement language and, indeed, that the language was a negotiation point in her divorce settlement. The court did not commit clear error in determining there was no ambiguity in the settlement language, and that Doe intended to enter into a binding settlement agreement that would be incorporated in the court's order.

## B.    Alleged PFA Order Violations

[¶11] Doe asserts that the trial court clearly erred in finding that Thomas did not violate the terms of the PFA Order. "We review a trial court's finding of abuse for clear error and will affirm a trial court's findings if they are supported by competent evidence in the record." *Boulette v. Boulette*, 2016 ME 177, ¶ 10,

152 A.3d 156.   "The deferential standard of clear error is particularly appropriate in actions for protection from abuse where the trial court's ability to observe the witnesses invariably plays a part in its assessments of the impact a particular person's words and actions had upon another person." *Smith v. Hawthorne*, 2002 ME 149, ¶ 16, 804 A.2d 1133.

[¶12]   Doe asserts that three of the four alleged violations of the PFA order are based upon acts of economic abuse within the meaning of 19-A M.R.S. §4002(3-A).  However, protection from economic abuse was not a condition of this PFA order.  The trial court rejected Doe's assertion that Thomas violated the PFA order by sending her a piece of mail.  On this record, the court's finding that "[Thomas] has not violated the terms of the extended temporary order" was well supported and did not constitute clear error.  *See Violette v. Violette*, 2015 ME 97, ¶ 15-16, 120 A.3d 667.

The entry is:

Judgment affirmed.

_____

Pat Doe, appellant pro se

Elliott L. Epstein, Esq., Andrucki & King, Lewiston, for appellee Thomas Hewson

South Paris District Court docket number PA-2021-37
FOR CLERK REFERENCE ONLY