STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-21-69

RUSSELL JOHANSEN,

        Plaintiff

v.

        ORDER

DONNA REILLY, et al.,

        Defendants

REC'D CUMB CLERKS OF(
MAR 27 '23 AM10:23

Before the court is a motion by plaintiff Russell Johansen to enforce a settlement agreement and a cross motion by defendants Mia Alibigi, Katie Johansen, Ryan Johansen, Tela Tedesco, and Betsy Wenk to enforce a partial settlement agreement.

This is an action for equitable partition of certain real property in Standish. The property was owned by Nadine and Harold Johansen as joint tenants pursuant to a 1971 deed. Six of their surviving children and five heirs to two of their children who are now deceased are the parties to this action.

Plaintiff Russell Johansen contends that his parents' joint tenancy was severed when his father filed for bankruptcy and that he obtained a one-half interest in the property based on a deed received from the Trustee in Bankruptcy. The defendants who have filed answers to his complaint contest the validity of Russell Johansen's deed from the Trustee in Bankruptcy and contend that each of the surviving children have a one-eighth interest in the property and that the heirs of the deceased children share their parent's one-eighth interest on a per stirpes basis. Five of the defendants filed a counterclaim for equitable partition on that basis.

-Plaintiff-Thomas Miscio, Esq.
-Defendant Wenk-Putnam, Def Tedesco,
 -Def Alibigi, Def Ryan Johansen and Def Katie
Johansen-David Sherman, Esq.
-Def Reilly, Def Giarranto, Def Harrington, Def
Douglass Johansen and Def Ourfalian-Pro Se

Ms. Giarratano responded, opposing plaintiff's motion to enforce and vehemently denying that she had agreed to any settlement at the mediation. Kathryn Harrington and Douglass Johansen did not respond to plaintiff's motion, and whether they agreed to the proposed settlement is also in question based on their failure to sign the settlement agreement.

Subsequently, Attorney Sherman, on behalf of defendants Alibigi, Tedesco, Wenk, Katie Johansen, and Ryan Johansen, filed a motion to enforce the settlement agreement against plaintiff, contending that they agreed to the settlement and therefore were entitled to the payments called for to be paid under the settlement regardless of whether defendants Giarratano, Harrington, and Douglass Johansen signed on. That is the second motion that is now before the court.

Discussion

The Law Court has endorsed motions to enforce as an appropriate vehicle to determine whether parties must adhere to an alleged settlement. *Doe v. Lozano,* 2022 ME 33 ¶ 12, 276 A.3d 44.[4] A settlement agreement is analyzed as a contract and the existence of a binding settlement agreement is a question of fact. *Id.* ¶ 13. In this case defendant Giarratano's objection to plaintiff's motion to enforce demonstrates the existence of a factual dispute as to whether she ever agreed to the settlement agreement outlined by the mediator in the Points of Agreement document prepared after the mediation. Giarratano did not file her pro se objection in the form of an affidavit, but it would be hypertechnical to ignore her objection on that ground. The court has no doubt that if

---

[4] The Law Court in *Doe v. Lozano* further suggested that if a court found a settlement agreement to be valid, it would ordinarily enter judgment in accordance with the settlement. If a party also seeks remedies for breach of a settlement agreement, those can be obtained by filing a supplemental complaint pursuant to M.R.Civ.P. 15(d) to add a breach of contract claim for violation of the alleged settlement agreement and proceeding on that claim. *See* 2022 ME 33 ¶¶ 24, 26.

3

Attorney Thomas Danylik conducted a mediation on Zoom with all parties present on April 25, 2022. Russell contends that an agreement was reached at mediation, and the record suggests that Attorney Danylik believed that agreement had been reached because he prepared a short document entitled "Points of Agreement."[1] According to the Points of Agreement, plaintiff Russell Johansen and one of the named defendants, Donna Reilly, were to pay all of the other parties a total of $300,000 in exchange for releases of all the other parties' interests in the property.

The Points of Agreement document was sent to counsel for plaintiff, Thomas Miscio, and to Attorney David Sherman, who had appeared for defendants Mia Alibigi, Katie Johansen, Ryan Johansen, Tela Tedesco, and Betsy Wenk.[2] Attorney Sherman then prepared a draft settlement agreement and sent that, signed by his clients and by defendant Jennifer Ourfalian, to Attorney Miscio.[3] Notably, Attorney Sherman's draft only called for payments to defendants Alibigi,, Tedesco, Wenk, Ourfalian, Katie Johansen, and Ryan Johansen. Attorney Sherman's draft also included signature lines for only eight of the parties to this action. Omitted in both cases were the three remaining defendants, Coralee Giarratano, Kathryn Harrington, and Douglass Johansen, who are all appearing pro se.

Attorney Miscio then sent a draft settlement agreement with almost identical wording to defendants Coralee Giarratano, Kathryn Harrington, and Douglass Johansen, adding signature lines for them and provisions for payment to them. Receiving no response, Attorney Miscio filed a motion of plaintiff's behalf to enforce the settlement as to the three defendants who had not signed. That is the first of the two motions before the court.

---

[1] Exhibit 1 to Plaintiff's Motion to Enforce Settlement Agreement.

[2] The record suggests that Attorney Sherman also represents defendant Jennifer Ourfalian although neither the answer nor the cross-motion filed by Attorney Sherman specifically references her.

[3] Exhibit 3 to Plaintiff's Motion to Enforce Settlement Agreement.

2

instructed to do so, she would submit an affidavit repeating her denial that she had assented to the proposed settlement.

Accordingly, plaintiff's motion to enforce the alleged settlement is denied upon the existing record. At a minimum, an evidentiary hearing would be necessary before any finding could be made as to whether the mediator's Points of Agreement constitutes a binding settlement agreement. *Doe v. Lozano,* 2022 ME 33 ¶¶ 15, 21-22.

If plaintiff contends that he can prove that a binding settlement was reached – notwithstanding Giarratano's denial and the failure of Harrington and Douglass Johansen to sign the settlement agreement – plaintiff may file a supplemental complaint adding a claim for breach of contract and seek an evidentiary hearing on that claim. The court would then consider whether to proceed on that claim or to combine that claim with the existing claims for trial.

That leaves the separate motion to enforce filed on behalf of defendants Alibigi, Tedesco, Wenk, Katie Johansen, Ryan Johansen and Ourfalian (hereafter, "the Alibigi parties'). In effect, that motion seeks to enforce a partial settlement of this action on the theory that those defendants have agreed to the settlement and are entitled to the payments called for under the settlement even if plaintiff's litigation continues against Giarratano, Harrington, and Douglass Johansen.

On this record there is a factual dispute as to the choice between two different understandings of the settlement. The mediator's Points of Agreement contemplates an overall settlement resolving the entire action in exchange for $300,000 to be split among nine defendants, expressly including Giarratano, Harrington, and Douglass Johansen, and with quitclaim deeds to executed by all defendants except Donna Reilly. On this record, that understanding appears to have been shared by Attorney Miscio when he sent a settlement agreement to Giarratano, Harrington,

4

and Douglass Johansen specifying payments to all defendants except Reilly and including signature lines for all parties including Giarratano, Harrington, and Douglass Johansen.

Attorney Sherman and his clients, however, appear to have a different understanding because the settlement agreement he sent to Miscio, executed by his clients, only provided for payments to the Alibigi parties. It also did not have signature lines for Giarratano, Harrington, and Douglass Johansen. On this record, therefore, the court cannot find that there was a meeting of the minds between plaintiff Russell Johansen on the one hand and the Alibigi parties on the other as to whether the alleged settlement called for an overall resolution of the action or whether plaintiff was separately agreeing to settle the case with Attorney Sherman's clients (and to pay them) even if the litigation would continue as to Giarratano, Harrington, and Douglass Johansen.

The Alibigi parties contend that Attorney Miscio's affidavit in support of plaintiff's motion to enforce demonstrates that there was a separate agreement to pay them because it describes Attorney Sherman's draft as "memorializing the agreement reached at mediation." This does not constitute a statement that the agreement Attorney Miscio believed had been reached at mediation would apply on a partial basis even if some defendants dissented and the settlement did not resolve the entire case.

Moreover, as far as the court can tell, Attorney Miscio only represents plaintiff Russell Johansen and there is another party (Donna Reilly) who would be obligated to pay Attorney Sherman's clients under Sherman's draft settlement agreement. Although a nominal defendant, Donna Reilly may mnow be aligned with plaintiff Russell Johansen under the proposed settlement in that it contemplates they would both retain an interest in the property. However, nothing stated by Attorney Miscio could bind Ms. Reilly.

5

The omission of Giarratano, Harrington, and Douglass Johansen as payees and signatories in Attorney Sherman's draft settlement agreement does suggest that he and his clients understood that Giarratano, Harrington, and Douglass Johansen had not in fact agreed to the settlement set forth in the mediator's Points of Agreement. It is possible that the Alibigi parties can prove that they have a binding settlement agreement with Russell Johansen and Donna Reilly regardless of whether an overall settlement has been reached. At a minimum, that would also require an evidentiary hearing.

If they choose to do so, the Alibigi parties may file a supplemental counterclaim and cross-claim alleging breach of contract for violation of a partial settlement agreement. The court would then consider whether to proceed to an evidentiary hearing on that claim or to combine that claim with the existing claims for trial.

The entry shall be:

The motion to enforce settlement against the three non-signing defendants filed by plaintiff Russell Johansen and the cross-motion to enforce the settlement against plaintiff filed by defendants Mia Alibigi, Katie Johansen, Ryan Johansen, Tela Tedesco, and Betsy Wenk are both denied on the existing record. If the parties choose to pursue their contentions that a binding settlement agreement or partial settlement agreement were reached, they may file supplemental pleadings as set forth above.

The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 27, 2023

_____
Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 03/27/23

6